IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

MARTHA SALAS, as Personal
Representative of the Estate of
Alicia Salas,

Civ. No. 2:21-cv-00102-SU

Plaintiff and Counter-Claim Defendant,

**OPINION & ORDER**

v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

Defendant and Counter-Claim Plaintiff.

_____

SULLIVAN, Magistrate Judge

This insurance coverage case comes before the Court on Motions for Summary Judgment filed by Plaintiff and Counter-Claim Defendant Martha Salas, as personal representative of the Estate of Alicia Salas, ECF No. 12, and by Defendant and Counter-Claim Plaintiff State Farm Mutual Automobile Insurance Company, ECF No. 9.  All parties have consented to magistrate judge jurisdiction in this case.  ECF No. 24.  The Court heard oral argument on July 27, 2021 in Pendleton, Oregon.  ECF No. 18.  For the reasons set forth below, Defendant's Motion is DENIED and Plaintiff's Motion is GRANTED.

## LEGAL STANDARD

### I.      Motion for Summary Judgment

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file, if any, show "that there is no genuine dispute

as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Substantive law on an issue determines the materiality of a fact. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of the dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id.* at 324.

Special rules of construction apply when evaluating a summary judgment motion: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *T.W. Elec.*, 809 F.2d at 630-31.

## II.    Interpretation of Insurance Contracts in Oregon

A federal court, sitting in diversity, applies state law in interpreting an insurance policy. *Travelers Prop. Cas. Co. of Am. v. ConocoPhillips Co.*, 546 F.3d 1142, 1145 (9th Cir. 2008). In Oregon, interpretation of an insurance policy is a question of law. *Cain Petroleum Inc. v. Zurich Am. Ins. Co.*, 224 Or. App. 235, 241 (2008).

"The task in determining the meaning of a policy is to ascertain the intent of the parties, based on the wording of the policy itself." *Cain Petroleum Inc.*, 224 Or. App. at 241 (internal citation omitted). "Issues of contractual intent are determined by the objective manifestations of the parties based on the terms that they use and not on what they subjectively believe that the terms mean." *Employers Ins. of Wausau v. Tektronix, Inc.*, 211 Or. App. 485, 503 (2007).

In determining the parties' intent under Oregon law, courts follow the analytical framework set out in *Hoffman Const. Co. of Alaska v. Fred S. James & Co. of Oregon*, 313 Or. 464, 470-71 (1992). The *Hoffman* framework first requires the court to determine whether the insurance policy defines the provision, term, or phrase at issue. *Id.* at 469. If expressly defined, the court must apply the provided definition. *Holloway v. Republic Indem. Co. of Am.*, 341 Or. 642, 650 (2006).

When a policy does not define the phrase, the court must look to its plain meaning; a phrase has a plain meaning if it is susceptible to only one plausible interpretation. *Holloway*, 341 Or. at 650. If the court determines that there are two or more plausible interpretations of the phrase, the court must determine whether the interpretations "withstand scrutiny." *Id.* A phrase withstands scrutiny if it continues to be reasonable after the interpretations are examined in light of, inter alia, the particular context in which the phrase is used in the policy and the broader context of the policy as a whole. *Id.* The court must "construe the text of the policy as a whole, rather than view particular parts of the policy in isolation." *Bresee Homes Inc. v. Farmers Ins. Exch.*, 353 Or. 112, 122 (2012).

If a single interpretation withstands scrutiny, the court must apply that interpretation. *Hoffman*, 313 Or. at 472-73. Where more than one interpretation withstands scrutiny, the court must conclude that the phrase is ambiguous. *Cain Petroleum, Inc.*, 224 Or. App. at 242 (explaining that "'ambiguity' is a term of art . . . refer[ring] to multiple, *reasonable* interpretations of the policy wording in light of the context in which the disputed provisions are employed and in the context of the policy as a whole." (emphasis in original)). If the court concludes that a term or phrase is ambiguous under this framework, "the ambiguity cannot be permitted to survive," and the phrase must be construed against the drafter. *Hoffman*, 313 Or. 470.

## BACKGROUND

### I.     Factual Background

Alicia Salas was married to Elidio Salas De La Paz  ("Mr. Salas") and they lived together at the same residence.  Joint Statement of Agreed Facts ("Joint Statement") ¶ 11.  ECF No. 8. Alicia Salas never learned to drive and was never issued a driver's license.  Martha Salas Decl. ¶ 3.  ECF No. 12-6.  Martha Salas affirms that she never saw Alicia Salas drive a motor vehicle and that Mr. Salas "did all the driving for her."  *Id.*

Mr. Salas was the registered owner of two vehicles: a 2006 Kia Spectra and a 2016 Nissan Altima.  Martha Salas Decl. ¶ 2; Rosenbaum Decl. Ex. 2 (DMV registration history for the Nissan Altima) ECF No. 13-2; Spooner Decl. Ex. 1 (DMV registration history for the Kia Spectra), ECF No. 10-1.  Martha Salas affirms that Alicia Salas did not have an ownership interest in either vehicle.  Martha Salas Decl. ¶ 2.

The Nissan Altima and the Kia Spectra were covered by separate policies issued by State Farm.  Joint Statement ¶ 3; Ex. 1 (the "Kia Spectra Policy"); Ex. 2 (the "Nissan Altima Policy"). Separate premiums were charged for each of the policies.  Joint Statement ¶ 3.  Mr. Salas was the "named insured" under both policies and Alicia Salas was an "insured" because she was married to Mr. Salas and they lived together at the same residence.  *Id.* at ¶ 12.

On December 6, 2019, Alicia Salas was riding as a passenger in the Kia Spectra when the car was struck by a vehicle driven by Michelle Fry.  Joint Statement ¶¶ 1, 9.  At the time of the accident, Fry was severely intoxicated.  Rosenbaum Decl. Ex. 1 (showing that Fry had a blood alcohol content of 0.313).  Both Fry and the vehicle she was operating at the time of the collision were uninsured.  Joint Statement ¶ 1.  Alicia Salas died as a result of the collision.  *Id.*

Plaintiff in this case is Martha Salas, acting in her capacity as personal representative for the Estate of her mother, Alicia Salas. Joint Statement ¶ 2; Martha Salas Decl. ¶ 1. Plaintiff sought coverage for uninsured motorist ("UM") benefits and personal injury protection ("PIP") from State Farm under both the Kia Spectra Policy and the Nissan Altima Policy. Joint Statement ¶ 4.

State Farm paid $25,000 in personal injury protection ("PIP") medical expenses benefits and $5,000 in PIP funeral expense benefits to Plaintiff under the Kia Spectra Policy. Joint Statement ¶ 5. Plaintiff's total PIP expenses exceed $30,000. *Id.* State Farm offered to pay $50,000 for uninsured motorist ("UM") benefits under the Kia Spectra Policy. *Id.* at ¶ 6. Plaintiff's total UM damages exceed $100,000. *Id.* State Farm denied Plaintiff's claims for PIP coverage and UM coverage under the Nissan Altima Policy. *Id.* at ¶¶ 5, 6.

This action was commenced in Multnomah County Circuit Court on December 18, 2020 and State Farm removed the case to this Court on January 22, 2021. ECF No. 1.

## II.    The Nissan Altima Policy

The parties agree that Mr. Salas was a "named insured" under the Nissan Altima Policy and that Alicia Salas was an "insured" under the policy because she was married to Mr. Salas and they lived together at the same residence. Joint Statement ¶ 12. The parties also agree that Alicia Salas was riding in the 2006 Kia Spectra at the time of the collision and that the Kia Spectra is not the vehicle described in the Declarations Page of the Nissan Altima Policy. *Id.* at ¶ 13. The record shows that the Kia Spectra was not a "newly acquired car" for purposes of the Nissan Altima Policy and that it was separately insured under the Kia Spectra Policy.

The Nissan Altima Policy contains two relevant exclusions: (1) the Uninsured Motorist (or "UM") Exclusion and the Personal Injury Protection (or "PIP") Exclusion.

**A.  The UM Exclusion**

Exclusion 2a, which State Farm asserts will bar recovery for UM benefits under the

Nissan Altima Policy provides:

There is no coverage for an ***insured*** who sustains ***bodily injury***:
a. While ***occupying*** a motor vehicle ***owned by*** or furnished for the regular use of
***you*** if it is not ***your car*** or a ***newly acquired car***; or
*        *        *

Joint Statement Ex. 2, at 52 ("Exclusion 2a" or "UM Exclusion").

For purposes of the UM Exclusion, the Nissan Altima Policy also defines the term "you"

or "your" as:

***You*** or ***Your*** means the named insured or named insured shown on the
Declarations Page and includes the ***spouse*** of the first ***person*** shown as a named
insured if the ***spouse*** resides primarily with that named insured.

Joint Statement Ex. 2, at 10.

The Nissan Altima Policy defines "your car" as "the vehicle shown under 'YOUR CAR'

on the Declarations Page."  Joint Statement Ex. 2, at 10.

**B.  The PIP Exclusion**

Exclusion 2, which State Farm asserts will bar recovery for PIP benefits under the Nissan

Altima Policy, provides:

There is no coverage for:
*        *        *
2. ***You*** or any ***resident relative*** for ***bodily injury*** resulting from the maintenance or
use of a ***motor vehicle*** including a motorcycle or moped, which is:

a. ***Owned by*** or furnished or available for regular use by ***you*** or any
***resident relative***; and

b. Not ***your car*** or a ***newly acquired car***;

Joint Statement Ex. 2, at 17 ("Exclusion 2" or "PIP Exclusion").

The definition of "you" and "your" for the PIP section is not the same as the definition used elsewhere in the Policy.  Joint Statement Ex. 2, at 10.  For PIP coverage:

> *You* and *your* means the named insured or named insureds shown on the Declarations Page and includes the *spouse* of that named insured if the *spouse* resides primarily with that named insured.

Joint Statement Ex. 2, at 15.

## DISCUSSION

Plaintiff contends that the UM Exclusion and the PIP Exclusion in the Nissan Altima Policy do not, by their plain terms, apply to exclude coverage for Alicia Salas for injuries that occurred while she was riding in the Kia Spectra.  And, even if the UM and PIP Exclusions do apply to exclude coverage for Alicia Salas, Plaintiff contends that the Exclusions are inconsistent with Oregon law on UM and PIP coverage and must be stricken from the Nissan Altima Policy.  State Farm takes the opposite position.

### I.    The UM Exclusion

The Court must first determine if the UM Exclusion applies to bar coverage for Mrs. Salas by its plain terms.  As noted, the UM Exclusion provides, in relevant part:

> There is no coverage for an *insured* who sustains *bodily injury*:
> a. While *occupying* a motor vehicle *owned by* or furnished for the regular use of *you* if it is not *your car* or a *newly acquired car*.

Joint Statement Ex. 2, at 52.

In this case, the parties agree that Alicia Salas was an "insured" because she was the spouse of the named insured, Mr. Salas, and he and Alicia Salas lived together.  The parties also agree that Alicia Salas was injured while riding in the Kia Spectra, which is not the vehicle described in the Declarations Page of the Nissan Altima Policy and so not

"your car" for purposes of the UM Exclusion.  In addition, the Kia Spectra was not a "newly acquired car."

Plaintiff asserts that the UM exception does not apply because (1) Alicia Salas was not the owner of the Kia Spectra, which was owned by and registered to Mr. Salas; and (2) the Kia Spectra was not furnished for Alicia Salas's regular use because she did not drive, never learned to drive, and did not have a driver's license.  The question then turns to the meaning of the term "you" in the context of the UM Exclusion.  As noted, for purposes of the UM Exclusion, the Nissan Altima Policy defines the term "you" or "your" as:

> **You** or **Your** means the named insured or named insured shown on the Declarations Page and includes the **spouse** of the first **person** shown as a named insured if the **spouse** resides primarily with that named insured.

Joint Statement Ex. 2, at 10.

When that definition is read into the UM Exclusion of the Nissan Altima Policy, the terms "you" and "your" are ambiguous as to whether they should be applied conjunctively or disjunctively.  If "you" were to be read conjunctively, as "Mr. Salas and Alicia Salas" together, then the exclusion would apply because Mr. Salas owned and used the Kia Spectra and that ownership and use would be imputed to Alicia Salas, even though Alicia Salas did not own the car and could not drive.  The term "you" could also be read disjunctively as "Mr. Salas" or "Alicia Salas," depending on who is seeking coverage.  Because Alicia Salas is the one seeking coverage here, the Policy could be read to deny coverage only if the accident occurred while Alicia Salas was riding in a car that she either owned, or one which had been furnished for her use, without reference to whether the car was owned by or furnished for the use of Mr. Salas.  Under a disjunctive reading, the UM Exclusion would not serve to deny coverage to Alicia Salas because it is undisputed that she did not own the Kia Spectra and the record shows that the Kia Spectra was

not furnished for her use because she could not and did not drive.  The Court concludes that the

term "you" is ambiguous in the context of the UM Exclusion and, consistent with Oregon law,

such ambiguities must be construed in favor of the insured with the result that the UM Exclusion

would not apply to bar coverage for Alicia Salas under the Nissan Altima Policy.  It is not,

therefore, necessary for the Court to examine whether the UM Exclusion is consistent with the

comprehensive model UM policy set forth in Oregon statutes.

II.      **The PIP Exclusion**

State Farm contends that Plaintiff's claim for PIP coverage under the Nissan Altima

Policy was properly denied under the PIP Exclusion, which provides:

> There is no coverage for:
>
>                     *        *        *
>
> 2. *You* or any *resident relative* for *bodily injury* resulting from the maintenance or use of a *motor vehicle* including a motorcycle or moped, which is:
> a. *Owned by* or furnished or available for regular use by *you* or any *resident relative*; and
> b. Not *your car* or a **newly acquired car**;

Joint Statement Ex. 2, at 17.

For purposes of the PIP Exclusion, "you" and "your" have similar, but slightly different

definition than was used in the UM Exclusion:

> *You* and *your* means the named insured or any named insureds shown on the Declarations Page and includes the *spouse* of that named insured if the *spouse* resides primarily with that named insured.

Joint Statement Ex. 2, at 15.

"Resident relative" is defined as

> [A] *person*, other than *you*, who resides primarily with a named insured on the Declarations Page and who is:
>
> > 1. a relative of that named insured or his *spouse* by blood, marriage, or adoption, including an unmarried and unemancipated child of either who

is away at school and otherwise maintains his or her primary residence
with that named insured; or

2. a minor who is being raised as a child of that named insured, his or her
*spouse*, or a *person* described in 1. above.

Joint Statement Ex. 2, at 15.

This provision suffers from the same ambiguity as the UM Exclusion concerning whether
"you" should be understood disjunctively to refer to Mr. Salas or Alicia Salas individually or
conjunctively to refer to both at the same time. Once again, there is no dispute that the Kia
Spectra was owned by Mr. Salas, and not Alicia Salas, and it was not a newly acquired car, nor is
the car described in the Nissan Altima Policy. The Kia Spectra was not furnished or available
for Alicia Salas's use because she could not and did not drive. As with the UM Exclusion, if the
term "you" is read disjunctively to mean Alicia Salas, as the "you" seeking coverage, then the
PIP Exclusion would not serve to bar coverage because Alicia Salas was not the owner of the
Kia Spectra, nor was it available for her use.[1] The Court concludes that Plaintiff is entitled to the
benefit of the ambiguity and the PIP Exclusion will not serve to bar coverage. It is not,
therefore, necessary for the Court to examine whether the PIP Exclusion is consistent with the
requirements of the relevant statutes.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Summary Judgment, ECF No. 12, is
GRANTED. Defendant's Motion for Summary Judgment, ECF No. 9, is DENIED.

It is so ORDERED and DATED this ___27th___ day of September 2021.

/s/ Patricia Sullivan
_____
PATRICIA SULLIVAN
United States Magistrate Judge

---

[1] Mr. Salas does not qualify as a "resident relative" because he is a named insured under the Nissan Altima Policy
and the Policy defines "resident relative" in relation to the named insured. Joint Statement Ex. 2, at 15.